■ PINKY SOHN, Respondent, v LUCRECIA CALDERON et al., Appellants.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered August 6, 1986, which, *inter alia,* stayed defendants' Civil Court proceeding to compel the restoration of essential services and repairs and set down for immediate trial plaintiff's declaratory judgment action seeking permission to withdraw the units of the subject building from the rental market, unanimously modified, on the law and the facts and in the exercise of discretion, to condition the stay of the Civil Court proceeding upon the commencement of the "immediate trial" of the declaratory judgment action within 30 days after service of a copy of this court's order with notice of entry thereof and, in the event said condition is not complied with, the stay of the Civil Court proceeding is vacated, and, except as thus modified, affirmed, without costs or disbursements.

We agree with the motion court that an expeditious trial should be had of the landlord's claim that he should be permitted either to withdraw the units from the rental market under Code of the Rent Stabilization Association of New York City, Inc. (Code) § 54 (D) (3) and New York City Rent and Eviction Regulations § 59 (a) (2) and (4) or to demolish the subject building pursuant to Code § 54 (D) (1) and New York City Rent and Eviction Regulations § 58 (a) (1); (b). In accordance with the view that an immediate trial was warranted,

the matter had been set down one week later for trial and the tenant defendants' Civil Court proceeding stayed. This appeal and a stay of the motion court's order intervened. Since we do not believe that the Civil Court proceeding—and the tenants' rights to restoration of services and repairs, if warranted—should be deferred indefinitely, we attach a time limitation for the commencement of the trial of the declaratory judgment action. Concur—Sandler, J. P., Sullivan, Milonas and Kassal, JJ.